The opinion of the Court was delivered by
Bermudez, C. J.
This is an application for a prohibition and for a mandamus.
The Relator complains that the District Judge has ordered the execution of a judgment of ejectment against him, in a case now pending before this Court, on a suspensive appeal; that, in so doing, he has exceeded the hounds of his jurisdiction.
He further complains that the District Judge refuses to grant him a suspensive appeal from this order of execution, on his giving a bond for costs, and exacts from him, as a condition for such an appeal, a bond which is not for costs; that this is a denial of justice.
He avers that, if the decree for execution he carried out, ho will sustain an irreparable injury; and he prays for a prohibition to prevent the District Judge from executing the ejectment judgment and for a mandamus to compel him to grant a suspensive appeal from the order of execution, on a bond for costs only.
In their answers, the District Judge and the party plaintiff claim that the order of execution is one which the court had the power to make and that, in rendering it, it has exercised a jurisdiction with which it was vested : that the Relator is not entitled to a suspensive appeal from said decree of execution, unless upon a bond to cover the damages which the appellee might suffer.
We find the following to he the facts, as presented by the Record:
A suit for the. expulsion or ejectment from certain leased premises, on account of non-payment of rent, was instituted against the Relator, by his lessor. The defendant therein laid claim to a lease, setting up special defenses and making affidavit to verify the truth of the averments of his answer.
*91 After trial, the court rendered a judgment in favor of the plaintiff, ejecting the defendant, who, within ten days, applied for a suspensive appeal, which was allowed, on his executing bond “ according to law,” in the sum of $1000.
Within the same delay, the appellant furnished a bond, conditioned that the defendant “ shall prosecute said appeal and shall satisfy such judgment as may be rendered against him, or that the same shall be satisfied by the proceeds of the sale of his estate, real or personal, if bebe east in the appeal, otherwise that said sureties (A. and B.) shall be liable in his place.”
The appellee subsequently took a rale on the appellant, to show-cause why the judgment should not be executed, for the two-fold reason that the bond is not such as is required in cases of ejectment of tenants, and is insufficient in amount, and that the sureties are not good and solvent.
After hearing, the court made the rule absolute and ordered the judgment to receive execution.
Feeling aggrieved by this decree, the defendant applied for a suspensive appeal, on giving a bond for costs; but the court granted the appeal, on his furnishing a bond, according to law, for the sum of $2500.
The questions presented by the parties are:
1. Had the District Judge the right to pass irpon the rule to execute the judgment of expulsion.
2. If he had, was he bound, was it his duty to have granted a suspensive appeal from the order of execution, on a bond for costs only ¶
I.
The jurisprudence appears to be now firmly settled, that it is only after a suspensive appeal has been obtained and perfected, that the lower court ceases to have further jurisdiction over the case. 16 A. 192; 21 A. 114 ; 2 R. 551 ; 22 A. 591; 27 A. 700; 28 A. 871; 32 A. -814; 33 A. 928.
The door has always been wisely left open for the determination by such court, whether the judgment suspensively appealed from shall or not be executed, either because the case is not appealable, or because no bond has been furnished, or because that furnished is insufficient, or because the surety or sureties do not possess the required qualifications.
Where such a bond is insufficient, an appellee has two remedies, either to move for a dismissal of the appeal in the appellate court, or, for the execution of the judgment appealed from, in the court of first instance.
Where he resorts to the first remedy, the matter becomes finally *92 adjudicated upon by the superior tribunal. Where he employs the second remedy, the action of the inferior court is revisable either on appeal, or on application for remedial process.
In the present instance, the aqipellee lias invoked the powers of the court which rendered the judgment, and has obtained an' order or decree, which impliedly affirms and reiterates that judgment, and formally directs that it be executed without -delay.
With the correctness of that order or decree we now have nothing to do. Neither have we to deal with the correctness of the ruling of the Judge requiring a bond for $2500. It may well be that the District Judge has correctly or incorrectly decided the questions presented.
The issues submitted on those subjects axe entirely premature. If we were to revise that order or decree, for execution we would be determining in anticipation, the question raised by the Relator on the appeal which he has sought, the object of which is precisely to test the legality of the ruling. The appellee’s rights are in no way jeoparded, though they be suspended, for, obviously, either the question will be determined if the appeal be prosecuted, or the decree appealed from will be executed if the appeal be abandoned.
The Relator has moved for a suspensive appeal from the decree for execution. He has elected his remedy. After doing so, he cannot seek in this Court the remedial process of prohibition, and must wait until the question raised by himself in a different form shall come up on appeal for determination.
In relation to the demand of a bond for $2500 by the Judge, it is . enough to say that his right to require a bond for that sum is not before ns, as the Relator charges that the only bond that can be exacted is one for costs.
When the Relator will have tendered a bond other than for costs, and it is refused, it will be time to determine whether it was or not properly declined by the District Judge.
We are first called upon merely to decide whether the District Court, in entertaining the rule for execution, and in passing on its merits, has or not exceeded the bounds of its jurisdiction.
We think that court had authority to ascertain and determine whether the conditions precedent upon which it granted the suspensive appeal from the ejectment judgment, had or not been fulfilled. The authorities referred to support that position.
1. Those conditions were: the furnishing of the bond required by law in the amount stipulated by the Judge; and, 2, the giving of a surety or of sureties good and solvent.
The first question could be tried on the face of the bond; the second *93 determined on evidence touching the qualifications of the surety or sureties.
For the trial of the question of compliance with the first requirement, the appellee was not bound to wait until after the filing of the transcript of appeal in this Court; for the determination of the other questions, he was alway in time in the lower court.
If the lower court had not such a jurisdiction, it would follow, that a cast defendant could, after obtaining a suspensive appeal, merely file any paper which he would term a bond, although it would not have the least appearance of one, and thereby stay execution of the judgment against him, for however largo an amount, or however otherwise important, until the arrival of the return day, or even until after a motion to dismiss in the appellate court, be finally disposed of. The law never contemplated such a condition of things.
The Judge who passed on the merits of the case, who allowed the appeal, ex necessitate has the right to decide whether the conditions upon which, under the law he granted the appeal, and which were to be fulfilled before the judgment could be suspended, had been or not complied with. Those conditions were a bond in due form, and a surety or sureties having the required qualifications. If he find both, then the appeal is perfected, the judgment is suspended, and he is stripped of further jurisdiction over the case. If he find that no bondhas been furnished, or that the bond given is not the bond demanded by law, and is no bond at all, and the sureties are not good and solvent, or that either of those exigencies is wanting, he is empowered so to decide and decree that the judgment shall receive an immediate execution.
' In such a case, the remedy of the appellant would be either a prohibition or a suspensive appeal from the order for execution.
II.
No one disputes the right of the Relator to a suspensive appeal. The contention relates to the character of the bond.
The rule was not for the execution of a money judgment, but for the enforcement of one directing the expulsion of a tenant and delivery of the premises to the plaintiff in the case.
Had the original judgment been one for a sum of money, a suspensive appeal from a decree on a rule for its execution, could not have been granted, unless on a bond sufficient to arrest the enforcement of that judgment, whether the party cast would not be entitled to a different remedy, it is unnecessary to say, for it may well be that he might be unwilling to apply for a suspensive appeal from the order for execution.
*94 Were it otherwise-, á party cast by a money judgment, could, after furnishing an insufficient bond, or worthless securities, obtain a suspensive appeal from the order for execution on a mere bond for costs, and, in that mode, suspend the original judgment.
The order for execution reiterates virtually the judgment on the merits and expressly commands that it be executed at once. It is, in reality, more peremptory than the first judgment, the execution of which was hypothetical, namely, contingent upon either the absence of a susi>ensive appeal or the dismissal of such appeal, or the affirmance on appeal. To suspend the decree for execution is to suspend the judgment on the merits. That which the law demands, in order to stay the first judgment, it likewise exacts to arrest the decree of execution. To sanction a different doctrine would be to permit the suspension of a money judgment, indirectly, on furnishing an insignificant bond for a trifling amount, which could not produce that effect on a direct appeal of that character.
It is true that the judgment in this case is not one for money, but for the delivery of property. The principles underlying the rights of of parties cast to a suspensive appeal are identical, and must be applied uniformly to all judgments susceptible of being suspensively appealed from. Ubi eadem ratio, eaclem est lex.
If the bond furnished by the Relator for a suspensive appeal from the judgment of expulsion be not in form and substance such as the law demands, and if the bond for the suspensive appeal from the order for execution must be one for costs only, the irresistible consequence would fatally be, that a defendant ordered to be expelled or ejected from certain premises and who is to furnish a bond to respond for all the damages, which the appellee may sustain in the amount fixed by the Judge, and who fails to furnish the bond required by law, could keep the original motion in suspense and maintain himself in possession on a bond for costs only.
The bond for a suspensive appeal from the decree for the execution of the judgment of expulsion, should not, therefore, be one for costs only, blit of the same character as that required by law for the suspension of the ejectment judgment.
Under the showing made, we are not able to say that the District Judge has properly refused to grant the suspensive appeal from the order of execution, on a bond for costs only.
It is therefore ordered and decreed, that the preliminary order herein made be rescinded, and that the application for relief in this case for a prohibition and a mandamus be refused, at the cost of Relator.